**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>***Plaintiff,***<br><br>v.<br><br>CBAC BORROWER, LLC d/b/a HORSESHOE CASINO, CAESARS BALTIMORE MANAGEMENT CO., LLC, AND CAESARS ENTERTAINMENT, INC.,<br><br>***Defendants.*** | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | **CIVIL ACTION NO. 25-cv-04297** |

**DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendants CBAC Borrower, LLC d/b/a Horseshoe Casino, Caesars Baltimore Management Co., LLC, and Caesars Entertainment, Inc. (collectively, "Defendants"), by and through their undersigned counsel, Cozen O'Connor, for their Answer and Defenses to the Complaint by Plaintiff United States Equal Employment Opportunity Commission ("Plaintiff," the "EEOC," or the "Commission"), state as follows:

**AS TO "NATURE OF THE ACTION"**

Defendants admit only that Plaintiff purports to bring this action under Title I and Title V of the Americans with Disabilities Act of 1990, as amended, and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, seeking relief on behalf of Charging Party Quann Massey. Except as so stated, Defendants deny the allegations set forth in the unnumbered introductory paragraph, deny having engaged in any unlawful conduct, and deny any and all liability to Plaintiff or Massey.

**AS TO "JURISDICTION AND VENUE"**

1. The allegations set forth in Paragraph 1 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, Defendants do not presently dispute that this Court has subject-matter jurisdiction over this action, but deny any liability whatsoever.

2. The allegations set forth in Paragraph 2 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, Defendants do not presently dispute that venue is proper in the District of Maryland, Northern Division, but deny any liability whatsoever.

**AS TO "PARTIES"**

3. The allegations set forth in Paragraph 3 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, Defendants admit only that the EEOC is an agency of the United States of America. Except as so stated, the allegations are denied.

4. Defendants admit only that CBAC Borrower, LLC is a Delaware limited liability company that does business in Maryland. Defendants deny the remaining allegations set forth in Paragraph 4 of the Complaint, including any implication that CBAC Borrower, LLC violated the law or is liable to Plaintiff or Massey.

5. Defendants admit only that Caesars Baltimore Management Co., LLC is a Delaware limited liability company that does business in Maryland. Defendants deny the remaining allegations set forth in Paragraph 5 of the Complaint, including any implication that Caesars Baltimore Management Co., LLC violated the law or is liable to Plaintiff or Massey.

6. Defendants admit only that Caesars Entertainment, Inc. is a Nevada corporation. Defendants deny the remaining allegations set forth in Paragraph 6 of the Complaint, including any implication that Caesars Entertainment, Inc. violated the law or is liable to Plaintiff or Massey.

7. Defendants admit only that CBAC Borrower, LLC d/b/a Horseshoe Casino operates the Horseshoe Casino in Baltimore, Maryland. The remaining allegations set forth in Paragraph 7 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, such allegations are denied.

8. The allegations set forth in Paragraph 8 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

9. The allegations set forth in Paragraph 9 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

**AS TO "ADMINISTRATIVE PROCEDURES"**

10. Defendants admit only that Massey filed a charge with the Commission. The charge is a writing that speaks for itself, and any mischaracterization thereof is denied. Except as so stated, any remaining allegations set forth in Paragraph 10 of the Complaint are denied.

11. Defendants admit only that the Commission issued a Letter of Determination dated June 17, 2025, which is a writing that speaks for itself. Defendants deny that the ADA was violated and deny any and all liability. Except as so stated, any remaining allegations set forth in Paragraph 11 of the Complaint are denied.

12. Defendants admit only that the Commission did not secure a conciliation agreement acceptable to the Commission. Defendants deny any implication that they failed to participate in conciliation in good faith or otherwise violated the law.

13. Defendants admit only that the Commission issued a Notice of Failure of Conciliation dated July 21, 2025, which is a writing that speaks for itself. Except as so stated, any remaining allegations set forth in Paragraph 13 of the Complaint are denied.

14. The allegations set forth in Paragraph 14 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

**AS TO "STATEMENT OF CLAIMS"**

15. The allegations set forth in Paragraph 15 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

16. Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint concerning Massey's alleged medical condition, impairments, records of impairment, or legal status as a qualified individual with a disability, and therefore deny same. The remaining allegations are conclusions of law to which no response is required. To the extent a response is required, they are denied.

17. Defendants deny the allegations set forth in the introductory portion of Paragraph 17 of the Complaint, including that Defendants discriminated against Massey, retaliated against him, interfered with any protected right, violated the ADA, or are liable to Plaintiff or Massey.

17(a) Defendants admit only that Massey began working at the Horseshoe Casino in Baltimore, Maryland on or about December 19, 2022.

17(b) Defendants admit only that, as of April 2023, Massey worked at the Horseshoe Casino as a dealer.

17(c) Defendants admit only that, as of April 2023, Tiffani Barnett worked at the Horseshoe Casino.

17(d) Defendants admit only that, as of April 2023, Tiffani Barnett was a manager at the Horseshoe Casino. Except as so stated, any remaining allegations set forth in Paragraph 17(d) are denied.

17(e) Defendants admit only that Massey was scheduled to work an overnight shift beginning on April 15, 2023 and ending on April 16, 2023.

17(f) Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17(f) regarding Massey's alleged medical event and therefore deny same.

17(g) Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17(g) regarding Massey's alleged hospitalization and therefore deny same.

17(h)–17(i) Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the allegations set forth in Paragraphs 17(h)-17(i) and therefore deny same.

17(j) Defendants admit only that Massey was not scheduled to work at the Horseshoe Casino on April 19, 2023 or April 20, 2023.

17(k) Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17(k) and therefore deny same.

17(l)–17(o) Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17(l) through 17(o) and therefore deny same.

17(p) Defendants admit only that Che'O Johnson worked at the Horseshoe Casino in April 2023.

17(q)–17(t) Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17(q) through 17(t) and therefore deny same.

17(u) Defendants admit only that certain leave policies were in effect at the Horseshoe Casino as of April 2023. Defendants deny that Massey was eligible for six weeks of leave under those policies as alleged. Except as so stated, the allegations set forth in Paragraph 17(u) are denied.

17(v) The allegations set forth in Paragraph 17(v) are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

17(w)–17(y) Defendants admit only that there were communications concerning Massey's absence from work and possible return to work. Except as so stated, Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraphs 17(w) through 17(y) and therefore deny same.

17(z)–17(aa) The Progressive Discipline Review is a writing that speaks for itself, and any mischaracterization thereof is denied. Except as so stated, any remaining allegations set forth in Paragraphs 17(z) and 17(aa) are denied.

17(bb)–17(dd) Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17(bb) through 17(dd) and therefore deny same.

17(ee) Defendants admit only that Massey sought reinstatement and/or rehire after his employment ended. Except as so stated, the allegations set forth in Paragraph 17(ee) are denied.

17(ff) The allegations set forth in Paragraph 17(ff) are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

17(gg) Defendants admit only that Massey's employment ended and that he was not reinstated or rehired thereafter. Except as so stated, the allegations set forth in Paragraph 17(gg) are denied.

18. Defendants deny the allegations set forth in Paragraph 18 of the Complaint.

19. Defendants deny the allegations set forth in Paragraph 19 of the Complaint.

20. Defendants deny the allegations set forth in Paragraph 20 of the Complaint.

21. Defendants deny the allegations set forth in Paragraph 21 of the Complaint.

**AS TO "PRAYER FOR RELIEF"**

Defendants deny that Plaintiff is entitled to any of the relief requested in Paragraphs A through K of the Prayer for Relief, or to any relief whatsoever.

**WHEREFORE**, having fully answered the Complaint, Defendants respectfully request that the Court deny all of Plaintiff's prayers for relief. Defendants further respectfully request that judgment be entered in favor of Defendants, that this action be dismissed with prejudice, that Defendants be awarded their costs and attorneys' fees to the extent permitted by law, and that the Court grant such other and further relief as it deems just and proper.

**AS TO "JURY TRIAL DEMAND"**

Defendants admit that Plaintiff demands a trial by jury.

**AFFIRMATIVE AND OTHER DEFENSES**

Defendants assert the following defenses without prejudice to their right to argue that Plaintiff bears the burden of proving some or all of these defenses.

**AS AND FOR A FIRST DEFENSE**

The Complaint fails to state any claim against Defendants upon which relief may be granted.

**AS AND FOR A SECOND DEFENSE**

Defendants acted at all times in good faith and for legitimate, non-discriminatory, non-retaliatory business reasons unrelated to Massey's alleged disability, any alleged request for accommodation, or any alleged protected activity.

**AS AND FOR A THIRD DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent Massey was not a qualified individual within the meaning of the ADA or could not perform the essential functions of his position, with or without reasonable accommodation.

**AS AND FOR A FOURTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent Massey did not request a reasonable accommodation, did not provide sufficient information to support or evaluate any requested accommodation, or was not denied any accommodation required by law.

**AS AND FOR A FIFTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because any accommodation sought or alleged by Plaintiff was not reasonable, would have eliminated or altered essential job functions, would have imposed an undue hardship, or was otherwise not required by the ADA.

**AS AND FOR A SIXTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because, to the extent there was any breakdown in the interactive process, such breakdown was not caused by any unlawful conduct by Defendants.

**AS AND FOR A SEVENTH DEFENSE**

To the extent Plaintiff seeks relief based on alleged acts, claims, theories, or events not encompassed within Massey's charge of discrimination or the Commission's investigation, such claims and requested relief are barred, in whole or in part, jurisdictionally or otherwise.

**AS AND FOR AN EIGHTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent they are based on alleged acts occurring outside the applicable limitations period.

**AS AND FOR A NINTH DEFENSE**

Massey's alleged damages, if any, are barred or limited to the extent he failed to mitigate or failed to reasonably mitigate those damages, and any recovery must be reduced accordingly.

**AS AND FOR A TENTH DEFENSE**

Plaintiff is not entitled to punitive damages because Defendants did not act with malice, reckless indifference, or the state of mind required for such relief, and because Defendants acted in good faith and made good-faith efforts to comply with the ADA.

**AS AND FOR AN ELEVENTH DEFENSE**

Plaintiff is not entitled to injunctive or equitable relief because Plaintiff has not established, and cannot establish, the prerequisites for such relief, including any ongoing violation, likelihood of recurrence, or basis for prospective relief.

**AS AND FOR A TWELFTH DEFENSE**

Any award of back pay, front pay, compensatory damages, or other monetary relief is barred, limited, offset, or reduced by applicable law, including by amounts Massey earned, could have earned through reasonable diligence, or received from other sources.

**AS AND FOR A THIRTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Defendants would have made the same employment decisions for lawful reasons regardless of Massey's alleged disability, alleged request for accommodation, or alleged protected activity.

**AS AND FOR A FOURTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Massey's alleged disability, alleged request for accommodation, or alleged protected activity was not the cause of any challenged employment action.

**AS AND FOR A FIFTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because regular and reliable attendance, availability for scheduled work, and compliance with applicable attendance and call-off procedures were essential functions and/or legitimate job requirements of Massey's position.

**AS AND FOR A SIXTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, against any Defendant that was not Massey's employer, joint employer, or part of an integrated enterprise with respect to the employment decisions at issue.

**AS AND FOR A SEVENTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent the policies, standards, or practices challenged by Plaintiff were job-related, consistent with business necessity, or applied for legitimate business reasons.

**AS AND FOR AN EIGHTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff seeks to require Defendants to create a new position, eliminate essential job functions, provide indefinite leave, convert temporary light duty into a permanent accommodation, or provide light duty where no such position was available.

**AS AND FOR A NINETEENTH DEFENSE**

Plaintiff's recovery of compensatory and punitive damages, if any, is subject to all statutory caps and limitations imposed by applicable law.

**AS AND FOR A TWENTIETH DEFENSE**

Plaintiff may not obtain duplicative recovery for the same alleged injury, and any award must be reduced to prevent double recovery.

**AS AND FOR A TWENTY-FIRST DEFENSE**

Defendants reserve the right to assert additional defenses as they become known through discovery or otherwise.

**COZEN O'CONNOR**

BY: *_/s/ Chad E. Kurtz_*
Chad E. Kurtz (CPF No. 1512110007)
ckurtz@cozen.com
2001 M Street NW, Suite 500
Washington, DC 20036
202-463-2521

Daniel L. Blanchard* (PA No. 311479)
dblanchard@cozen.com
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103-7325
215-665-2000
*Counsel for Defendants*

*to seek admission pro hac vice

Dated: July 17, 2026

**CERTIFICATE OF SERVICE**

I, Chad E. Kurtz, hereby certify that, on July 17, 2026, a true and correct copy of the foregoing Answer to Plaintiff's Complaint has been filed electronically via the Court's ECF system and thereby has been served electronically upon the following counsel of record for Plaintiff, the United States Equal Employment Opportunity Commission:

UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Washington, D.C.
Catherine L. Eschbach, Acting General Counsel
Christopher Lage, Deputy General Counsel
Gwendolyn Young Reams, Associate General Counsel
Debra M. Lawrence, Regional Attorney
Kate Northrup, Assistant Regional Attorney
Emily Datnoff, Trial Attorney
31 Hopkins Plaza, 14th Floor
Baltimore, MD 21201
kate.northrup@eeoc.gov
emily.datnoff@eeoc.gov

*/s/ Chad E. Kurtz*
Chad E. Kurtz