IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>CBAC BORROWER, LLC d/b/a HORSESHOE CASINO, et al.,<br><br>Defendants. | Civil Action No. 1:25-cv-04297-BAH |

CONSENT DECREE

1. This action was instituted by the United States Equal Employment Opportunity Commission (the "EEOC or "Commission"), a federal agency, against Defendants CBAC Borrower, LLC d/b/a Horseshoe Casino, Caesars Baltimore Management Co., LLC, and Caesars Entertainment, Inc. ("Defendants"). The EEOC alleges that Defendants violated the Americans with Disabilities Act (the "ADA"), as amended, when they discriminated against Charging Party Quann Massey because of disability and in retaliation for protected activity.

2. The parties to this Decree are the EEOC and the Defendants, CBAC Borrower, LLC d/b/a Horseshoe Casino, Caesars Baltimore Management Co., LLC, and Caesars Entertainment, Inc.

3. The parties agree to resolve this action by entry of this Decree, and in doing so they agree to the jurisdiction of this Court over the parties and the subject matter of this action and to the power of the Court to enter this Decree.

4. Defendants and their officers, agents, employees, successors, and all other persons who act in concert or participation with them will not interfere with the relief herein ordered but shall cooperate in the implementation of this Decree.

5. All terms agreed to as a condition of resolving the above-captioned action and the claims that the EEOC filed against Defendants in this action are set forth in this Decree, and there shall be no other instrument or agreement setting forth any terms that must be satisfied as a condition of resolving such claims.

6. The Court finds that it has jurisdiction over the subject matter of this action and the partiesfor the purpose of the action, entry of this Decree, and all proceedings related to the Decree. Having examined the terms and provisions of the Decree, the Court further finds that it is reasonable and just in accordance with the Federal Rules of Civil Procedure and the ADA. The entry of this Decree will further the objectives of the ADA and will be in the best interests of the parties, those for whom the EEOC seeks relief, and the public.

IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

7. The Court shall retain jurisdiction of this action for the duration of the Decree to enter all orders, judgments, and decrees, which may be necessary to implement its terms and the relief provided.

8. The duration of this Decree shall be three (3) years from the date the Court signs the Decree.

9. This Decree resolves all claims that were filed by the EEOC in the above-captioned action, as set forth in the Complaint filed by the EEOC in this action. This Decree does not constitute an admission of wrongdoing by Defendants.

10. Nothing in this Decree shall be construed to waive or release any rights or claims that any individual may have arising under any law, ordinance, regulation, or other provision that grants any individual access to administrative process, or rights or remedies of any kind, including such individual rights or claims of Charging Party Quann Massey.

MONETARY RELIEF

11. In accordance with this Decree, and in full settlement of all monetary claims asserted by the EEOC in this action, Defendants agree to pay to Charging Party Quann Massey the total amount of $150,000 (One hundred and fifty thousand dollars) which represents $130,000 (one hundred and thirty thousand dollars) in compensatory and punitive damages and $20,000 (twenty thousand dollars) in backpay. Defendants shall send such payments to Mr. Massey no later than thirty (30) calendar days from the date the Court signs this Decree using an address and delivery method provided by the EEOC.

12. Defendants shall issue to Charging Party Quann Massey appropriate IRS Forms and make necessary withholdings from payments made pursuant to this Decree, except that the payment designated above as compensatory and punitive damages shall be reported on IRS Form 1099 and Defendants shall make no withholdings from such payment. Defendants shall be responsible for all applicable withholding and payroll taxes, consistent with the Decree and applicable regulation and law. Defendants shall send the IRS Forms to Mr. Massey no later than February 15, 2027, using an address and delivery method provided by the EEOC.

13. Within ten (10) business days after the above-described payments are sent Defendants shall submit to the EEOC a copy of the checks issued to Mr. Massey, and Defendants shall send the EEOC copies of the IRS forms within ten (10) business days of issuance.

14. Defendants shall also provide the following information for the purpose of compliance with Section 162(f) of the Internal Revenue Code (26 U.S.C. § 162(f)), if applicable, to the EEOC within ten (10) days of issuing payment to Mr. Massey:

a. The name of the individual who should receive the copy of the IRS Form 1098-F if the EEOC is required to issue one;

b. The physical address of the individual who should receive the copy of IRS Form 1098-F if the EEOC is required to issue one.

15. The EEOC has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code, nor does this Decree address such qualification.

16. The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met.

17. Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC.

18. The parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

19. Defendants will not condition the resolution of this matter on any agreement to keep confidential the terms of this Decree, including monetary relief paid to Charging Party Quann Massey; the facts of this case; or any other fact or issue related to this matter. Defendants will not otherwise condition the resolution of this matter on any terms that are not set forth in this Decree.

## INJUNCTIVE RELIEF

20. Defendants and their officers, directors, agents, employees, successors in interest, assigns, and all persons in active concert or participation with Defendants or on their behalf, are enjoined and restrained from engaging in any employment practice that discriminates against employees on the basis of disability, in violation of the ADA.

21. Defendants and their officers, directors, agents, successors in interest, assigns, and all persons in active concert or participation with Defendants or on their behalf, are enjoined and restrained from engaging in retaliation in violation of the ADA.

22. Defendants and their officers, directors, agents, successors in interest, assigns, and all persons in active concert or participation with Defendants or on their behalf, are enjoined and restrained from interfering with, and/or restricting rights secured by the ADA.

## POLICIES AND PROCEDURES

23. Defendants shall maintain a policy that explains, defines, and prohibits discrimination and retaliation under the ADA and which contains related complaint procedures. This policy shall be drafted in plain and simple language.

24. Defendants shall ensure that the policy explains federal prohibitions on disability discrimination under the ADA, including (1) prohibitions on failing to provide reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with disability who is an applicant or employee; (2) prohibitions on denying employment opportunities to a job applicant or employee who is an otherwise qualified individual with a disability based on the needs of Defendants to make reasonable accommodations to the physical or mental impairments of the employee or applicant; and (3) prohibitions on denying employment

opportunities to a job applicant or employee because they are regarded as disabled as described by the ADA.

25. Defendants shall ensure that the policy states that Defendants (1) prohibit discrimination against employees on the basis of disability, including by failing to provide reasonable accommodations and by denying employment opportunities based on the need to make reasonable accommodations in violation of the ADA; and (2) prohibit retaliation against employees for engaging in protected activity.

EEO TRAINING

26. Defendants shall provide to all supervisors, managers, and persons who have any responsibility for providing human resources services to, for, or on behalf of any person who is employed by any Defendant and who performs work at the Horseshoe Casino located in Baltimore, Maryland, not less than three (3) hours of mandatory training regarding discrimination and retaliation made unlawful by the ADA. This training shall place a particular emphasis on reasonable accommodations and the interactive process to identify reasonable accommodations under the ADA; and federal prohibitions on denying employment opportunities to a job applicant or employee who is an otherwise qualified individual with a disability based on the need of Defendants to make reasonable accommodations to the physical or mental impairments of the employee or applicant.

27. The training described in Paragraph 26 shall be conducted live or remotely online and shall include an interactive component and opportunities for questions and answers. This training shall be provided within sixty (60) days of entry of this Decree, annually thereafter for the duration of this Decree, and within seven (7) days of the start of employment or other retention in any position or function for which training is required under Paragraph 26.

28. Defendants shall provide to all non-supervisory employees who perform work at the Horseshoe Casino located in Baltimore, Maryland, not less than two (2) hours of training regarding discrimination and retaliation made unlawful by the ADA. This training shall place a particular emphasis on reasonable accommodations and the interactive process to identify reasonable accommodations under the ADA and related procedures for requesting reasonable accommodations.

29. The training described in Paragraph 28 shall be conducted live or remotely online and shall include an interactive component and opportunities for questions and answers. This training shall be provided within sixty (60) days of entry of this Decree and annually thereafter for the duration of this Decree.

30. All training described in paragraphs 26-29 shall be provided by a third-party trainer approved in advance by the EEOC, whom Defendants shall retain at Defendants' own expense.

31. Within thirty (30) days after the training sessions described in the above paragraphs, Defendants shall submit to EEOC counsel of record a notification of the date(s) and length of each training session; a written list of the full names, job titles, and work locations of each attendee of each training session; and copies of any and all written materials shown or provided to attendees.

## RECORDS AND RETENTION

32. Regarding each charge, complaint, or report (whether written or unwritten, formal or informal, including those anonymously made, and those made pursuant to grievance provisions of any collective bargaining agreement) of disability discrimination or retaliation made by any employee who performs work at the Horseshoe Casino located in Baltimore, Maryland, and each investigation into such charge, complaint, or report made during the term of this Decree (including but not limited to disability discrimination, the failure to engage in the interactive process, and the

failure make reasonable accommodations), Defendants shall compile a file which shall contain the following:

a. the full name, home address, home telephone number and cell phone number, department, job title, and employee identification number (EIN) of each complainant, potential victim, witness, and other person allegedly involved;

b. the date of the allegation, charge, complaint, or report;

c. date/s on which the incident/s allegedly occurred;

d. the specific allegations that were made;

e. the complete substance of any statements made by each complainant, potential victim, witness, and other person allegedly involved;

f. a detailed description of all actions taken in response to the allegation, charge, complaint, or report;

g. a detailed description of Defendants' conclusions regarding the allegation, charge, complaint, report, and any resolution reached, or corrective action taken in response. Defendants shall also retain with the file any other documents created or obtained in relation to a charge, complaint, report, or investigation, including but not limited to affidavits, witness statements, interview notes, summaries, and electronic communications. Defendant shall retain all such records for the duration of this Decree.

33. For the duration of this Decree, Defendants shall retain all personnel, payroll, and other documents related to any person who submitted an allegation, charge, complaint, or report described in Paragraph 32, or who was interviewed or identified as a witness or potential witness.

34. For the duration of this Decree, Defendants shall, beginning on the first date of each month and ending on the last date of each month, create, record, and retain in both electronic and

paper format, the following information about all employees who perform work at the Horseshoe Casino located in Baltimore, Maryland:

a. Full name;

b. Employee identification number (EIN), if applicable;

c. Last known address;

d. Last known telephone number/s;

e. Last known e-mail address/es;

f. Date of birth;

g. Date of hire;

h. Position/s held;

i. Location/s where each person performed work;

j. For each person listed, whether any person sought or was provided leave, modification of a work schedule, modified work duties, light duty, or any form of accommodation (whether or not the word accommodation is used);

k. For each person listed, whether any person reported to Defendants or that Defendants discovered, from any other sources, information concerning any medical, physical, or mental impairment, along with the dates when such information was provided or discovered and, if so, a complete explanation of what information was provided together with documents reflecting all communications between Defendants and each such person, including all email and text correspondence;

l. What action was taken by Defendants, including what accommodation, if any, were offered or provided to each such person, a description of the accommodations

and when they were offered; and whether any of them were implemented and if not, why not.

REPORTING AND MONITORING

35. On a tri-annual basis (i.e., at the end of each 120-day period) beginning 120 days from the date the Court signs the Decree, and continuing for the duration of the Decree, Defendants shall submit to the EEOC the information and records described in Paragraphs 32 through 34. Such production of information and records must be updated to include information and records that were gathered and/or created after the first production was made pursuant to this Paragraph and such updates must continue every thirty (30) days until final action is taken by Defendants regarding any matter reported.

36. Defendants shall submit all additional electronic records, documents, or information described in Paragraphs 32 through 34 that the EEOC requests to monitor compliance with the Decree no later than fourteen (14) calendar days after the EEOC requests such material.

37. The EEOC may monitor compliance during the duration of this Decree by inspection of Defendants' premises and records and conducting interviews provided that the EEOC will notify Defendants, through their counsel identified below, fourteen (14) calendar days before such inspections and interviews.

SUBMISSIONS OF RECORDS, REPORTS, AND NOTICES

38. Any periodic reports or notifications required under this Decree shall be verified under oath or under penalty of perjury by a designated officer or authorized representative of Defendants before being sent to the EEOC. Any records or other materials not constituting periodic reports or notifications are not subject to this verification requirement. The reports and notifications shall be sent by electronic mail and hard copies, if requested, to Emily Datnoff, Trial

Attorney, U.S. Equal Employment Opportunity Commission, Baltimore Field Office, 31 Hopkins Plaza, 14th Floor, Baltimore, Maryland 21201.

POSTING

39. Within twenty (20) days of the date the Court signs this Decree, Defendants shall post copies of the Notice, attached hereto as Exhibit A, in a conspicuous location at the Horseshoe Casino in Baltimore, Maryland and at all places where employee notices are posted therein. The Notice shall remain posted for three (3) years from the date the Court signs this Decree. Each Notice shall be typed legibly using font size 12 Times New Roman. If multiple pages are used for the Notice, they shall not be displayed one page behind another but must be posted so that all pages are in order and simultaneously visible (i.e., in horizontal row or vertical column configuration). In addition, Defendants shall post notice of applicable federal equal employment opportunity laws and all other notices required by law. If any notice is defaced, marred, or otherwise made unreadable, Defendants shall immediately post a readable copy thereof. Defendants shall permit a representative of the EEOC to enter their premises and inspect the Notice if the EEOC so requests.

40. Within ten (10) days of posting the Notice, Defendants shall send the EEOC a copy of the signed Notice, written certification that it has been posted, and a description of where the Notice is posted.

DISPUTE RESOLUTION AND COMPLIANCE REVIEW

41. Upon motion of the Commission, this Court may schedule a hearing for the purpose of reviewing compliance with this Decree. The EEOC agrees that it will attempt to resolve any dispute prior to seeking review by the Court and that it will give notice to Defendants, through their counsel identified below of any such dispute, before moving for such review and no later than ten (10) business days before filing any motion concerning Decree compliance.

42. Jurisdiction to resolve any dispute arising under this Decree resides in the United States District Court for the District of Maryland, Northern Division.

43. The terms of this Decree shall be binding upon Defendants; all present and future parents of Defendants; all present and future subsidiaries of Defendants; and all present and future owners, directors, officers, managers, employees, agents, trustees, administrators, representatives, successors, and assigns of Defendants. Defendants, and any successor/s of Defendants shall provide a copy of this Decree to any organization or person who proposes to acquire or merge with Defendants, or any successor of Defendants, prior to the effectiveness of any such acquisition, merger, or transaction. This paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court regarding a violation of this Decree.

44. This Decree constitutes the entire agreement and commitments of the parties. Any modifications to this Decree must be mutually agreed upon and memorialized in a separate writing signed by Defendants and the EEOC and approved by the Court.

45. If any provision(s) of this Decree are found to be unlawful, only such provision(s) shall be severed, and the remainder of the Decree shall remain in full force and effect.

46. But for the resolution of the claims the EEOC filed in this action, as stated above, this Decree shall in no way limit the powers of the Commission regarding any matter over which the EEOC has authority.

47. Each party shall be responsible for and shall pay its own costs and attorneys' fees.

**IT IS AGREED:**

UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
131 M Street, N.E.
Washington, DC 20507

Christopher Lage
Deputy General Counsel

/s/ Debra M. Lawrence
Debra M. Lawrence
Regional Attorney

Kate Northrup
Kate Northrup
Assistant Regional Attorney

Emily Datnoff
Emily Datnoff, Trial Attorney
U.S. EEOC – Baltimore Field Office
31 Hopkins Plaza, 14th Floor
Baltimore, MD 21201
emily.datnoff@eeoc.gov
Telephone: 410-801-6708

CBAC BORROWER, LLC D/B/A HORSESHOE CASINO, CAESARS BALTIMORE MANAGEMENT CO., LLC, AND CAESARS ENTERTAINMENT, INC.

/s/ James Genail
James Genail
Senior Vice President and General Manager

*/s/ Daniel L. Blanchard*
Daniel L. Blanchard
Cozen O'Connor
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103-7325
dblanchard@cozen.com
Telephone: 215-665-2000

*Counsel for Defendants*

IT IS SO ORDERED:

DATED: 11/3/2026

/s/
THE HONORABLE DISTRICT COURT JUDGE BRENDAN A. HURSON

**EXHIBIT A - NOTICE TO EMPLOYEES**

This Notice is posted pursuant to a Consent Decree entered in *EEOC v. CBAC Borrower, LLC d/b/a Horseshoe Casino, et al.*, Case No. 1:25-cv-04297-BAH, in the U.S. District Court for the District of Maryland. That Decree was entered to resolve claims the United States Equal Employment Opportunity Commission (the "EEOC") brought to enforce the Americans with Disabilities Act (the "ADA"), as amended, and to seek monetary relief for an aggrieved employee.

The Consent Decree provides, among other things, that CBAC Borrower, LLC d/b/a Horseshoe Casino, Caesars Baltimore Management Co., LLC, and Caesars Entertainment, Inc. ("Defendants") will pay $150,000 to the aggrieved employee; will not discriminate based on disability; and will ensure their policies, practices and procedures comply with the ADA.

Defendants are fully committed to maintaining a workplace in which all applicants and employees are free from unlawful discrimination, including disability discrimination. Defendants shall comply with federal anti-discrimination laws, including by providing reasonable accommodations to persons with disabilities, as defined by the ADA, unless doing so would impose an undue hardship, and its implementing regulations. Reasonable accommodations may, depending on the individual circumstances, include, but are not limited to, providing reassignment without competition; exceptions or modifications to Defendants' policies, procedures, or requirements; and job-protected leave beyond that provided by the Family and Medical Leave Act (FMLA) or established leave programs. Defendants' employees seeking reasonable accommodations should contact their supervisor, manager, or Human Resources personnel.

The EEOC enforces the federal laws against discrimination in employment because of disability, sex, race, color, religion, national origin, age, or genetic information. If you believe you have been discriminated against, or retaliated against for opposing or reporting discrimination, you have the right under federal law to contact EEOC and report that discrimination or retaliation. You may reach the EEOC at www.eeoc.gov, (800) 669-4000, (800) 669-6820 (TTY), or (844) 234-5122 (ASL Video Phone). The EEOC is a federal law enforcement agency and charges no fees to receive, investigate, or litigate discrimination complaints.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE**

**This Notice must remain posted for three (3) years from the date below and must not be altered, defaced, or covered by any other material.**

______________ ______________________________________________

**Date Posted**

**CBAC BORROWER, LLC D/B/A HORSESHOE CASINO, CAESARS BALTIMORE MANAGEMENT CO., LLC, AND CAESARS ENTERTAINMENT, INC.**